Julius J. Paoli, Petitioner *v.* Commonwealth of Pennsylvania, State Horse Racing Commission, Respondent.

Argued December 5, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BLATT, sitting as a panel of three.

*Edward Reif*, for petitioner.

*Gerald T. Osburn*, with him *John B. Hannum, Jr.*, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 27, 1984:

Paoli appeals a Horse Racing Commission order suspending him for six months and fining him $1,000.[1] We affirm in part and reverse in part, remanding for appropriate penalty.

Paoli, a horse trainer, was ordered to have his animal take a blood and urine test. The Commission

---

[1] The Commission concluded that Paoli violated Rule 15.02(1) of the Rules of Racing, 58 Pa. Code §163.302(a)(1), which provides: "No horse participating in a race shall carry in its body any substance foreign to the natural horse except as otherwise provided;" and Rule 15.02(3) of the Rules of Racing, 58 Pa. Code §163.302(a)(3), which provides:

No person other than a veterinarian shall have in his possession any equipment for hypodermic administration. No person other than a veterinarian shall have any foreign substance, within the area of the race track complex, which can be administered internally to a horse by any route, except for an existing condition and as prescribed by a veterinarian.

found that an analysis of the sample which allegedly was taken from his mount disclosed the presence of a prohibited drug, acepromazine. Also, certain prohibited drugs and hypodermic equipment were found in his tack room. The evidence supports the Board's conclusion that Paoli was in possession of certain prohibited drug paraphernalia, a violation of the Commission's rules, but there was no evidence that the seven hypodermic needles contained any trace of acepromazine.

Paoli contends that there is insufficient evidence of record to establish that the sample was in fact procured from his animal, notwithstanding the fact that urine sample number 06314 was marked positive for acepromazine, and there is evidence that Paoli's horse was tested. There is no evidence to support the Board's finding of fact that the sample, acepromazine, was indeed procured from Paoli's horse. Without this vital causal link, we must hold that the Commission's finding that Paoli's horse carried a prohibited drug in his body is not supported by substantial evidence.

Accordingly, we affirm that part of the Commission's decision which found Paoli to be in violation of the Commission's rule regarding possession of prohibited drug paraphernalia. We reverse, however, its finding that Paoli's horse carried a prohibited drug in his body. The case is remanded to the Board for the imposition of an appropriate penalty.

Affirmed in part; reversed in part and remanded.

### ORDER

The order of the State Horse Racing Commission, PSHRC No. 80-090 dated March 24, 1981, is hereby affirmed in regard to violation of Rule 15.02(1) of the Rules of Racing and reversed in regard to violation of Rule 15.02(3) of the Rules of Racing. We

remand for a determination of an appropriate penalty consistent with this opinion.

Jurisdiction relinquished.